IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SONDRA GARCIA,

    Plaintiff,

vs.

JORGE L. CONDARCO and BRENDA SMITH in their individual capacities, and THE CITY OF HOBBS,

    Defendants.



00 FEB 16 PM 4:21

CIV. NO.
CIV 00 0238 LORENZO F. GARCIA

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TORT CLAIMS, AND DAMAGES

Plaintiff brings this complaint for violation of her civil rights under 42 U.S.C. §§ 1983, 3604, and 13981; and, for assault, battery, false imprisonment, intentional infliction of emotional distress, and recklessness, gross negligence, and negligence under state tort law; and alleges as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983, 1988, 3613, and 13981 and 28 U.S.C. § 1343, with pendent jurisdiction over the state law claims. Venue is proper in this District as Defendants are all residents of New Mexico and all of the acts complained of occurred in New Mexico. Plaintiff's cause of action arose in New Mexico.

## PARTIES

2. Plaintiff Sondra Garcia is a female citizen and resident of the state of New Mexico.

3. Defendant Jorge L. Condarco was, at all relevant times herein, a corrections officer employed by the Hobbs City Jail, a governmental agency owned and operated by Defendant the City of Hobbs.

4. Defendant Brenda Smith was, at all relevant times, the Chief Detention Officer of the Hobbs City Jail.

5. The individual Defendants are sued in their individual capacities.

6. At all times material to this Complaint, the individual Defendants were acting under color of state law and within the scope of their employment as law enforcement officers.

## FACTUAL BACKGROUND

7. In the early morning hours on or about June 6, 1998, Plaintiff was detained at the Hobbs City Jail. Plaintiff was watching television in the part of the jail where female detainees were housed.

8. Defendant Condarco was the only corrections officer on duty in the female part of the jail.

9. Defendant Condarco approached Plaintiff. After talking to her for a while, he began to rub her back, shoulders, and hair, to kiss her, and to fondle her breasts.

10. Defendant Condarco then took Plaintiff to the laundry room and forced her to perform oral sex on him.

11. Defendant Condarco subsequently plead guilty to criminal sexual penetration of Plaintiff.

12. Before Defendant Condarco's sexual assault and battery of Plaintiff, Defendant Smith knew or should have known that female detainees at the Hobbs City Jail were subject to the substantial and serious risk of sexual assault by Defendant Condarco while detained there.

13. Despite this knowledge, Defendant Smith took no corrective action, and failed to institute procedures designed to eliminate the risk of sexual assault and battery at the facility.

14. As a result of Defendants' unlawful actions, Plaintiff has suffered, and continues to suffer, physical injury, pain and suffering, invasion of her bodily integrity, and severe psychological and emotional distress.

## COUNT I-SECTION 1983 CLAIM AGAINST DEFENDANT CONDARCO UNDER EIGHTH AND FOURTEENTH AMENDMENTS

15. Plaintiff incorporates paragraphs 1 through 14 as though fully set forth herein.

16. At the time of Defendant Condarco's sexual assault and battery on Plaintiff, Plaintiff had the right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

This included a right to be secure in her bodily integrity and free from sexual attack by prison guards.

17. Defendant Condarco's rape of Plaintiff violated Plaintiff's rights under these constitutional amendments to be secure in her bodily integrity and free from sexual attack by prison guards.

18. Defendant Condarco's acts were intentional, malicious, sadistic, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitutional rights.

19. Defendant Condarco's acts proximately caused Plaintiff damages and injuries. These damages include physical injury, pain and suffering, invasion of bodily integrity, and severe psychological and emotional distress.

WHEREFORE, Plaintiff Sondra Garcia requests compensatory and punitive damages against Defendant Jorge L. Condarco, together with all costs and attorneys fees.

## COUNT II–CLAIM AGAINST DEFENDANT CONDARCO
## UNDER VIOLENT CRIME CONTROL AND LAW ENFORCEMENT ACT OF 1994

20. Plaintiff incorporates paragraphs 1 through 19, as though fully set forth herein.

21. The acts of Defendant Condarco constituted the crimes of criminal sexual penetration and false imprisonment, and thus come within the ambit of those offenses described in 18 U.S.C. § 16. Indeed, Defendant Condarco plead guilty to criminal sexual penetration, a third degree felony.

22. The actions of Defendant Condarco were motivated by Plaintiff's gender and were sufficiently egregious that they would rise to a felony level. These actions thus violated 42 U.S.C. § 13981.

23. The acts of Defendant Condarco in violation of 42 U.S.C. § 13981 proximately caused Plaintiff damages. These damages include physical injury, pain and suffering, invasion of bodily integrity, and severe psychological and emotional distress.

WHEREFORE, Plaintiff Sondra Garcia requests compensatory and punitive damages against Defendant Jorge L. Condarco, together with all costs and attorneys fees.

### COUNT III–TITLE VIII CLAIMS AGAINST ALL DEFENDANTS

24. Plaintiff incorporates paragraphs 1 through 23 as though fully set forth herein.

25. The Hobbs City Jail is a "dwelling" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602.

26. At all relevant times, Defendant the City of Hobbs owned and operated the Hobbs City Jail, and Defendants Condarco and Smith controlled the provision of services and facilities to the residents there.

27. At all times material to this complaint, Plaintiff resided at the Hobbs City Jail. Plaintiff is an "aggrieved person" as defined by 42 U.S.C. § 3602.

28. Defendants subjected Plaintiff to sexual assault and battery, and the substantial risk of sexual assault and battery, by a Hobbs City Jail employee, because of her sex.

29. These actions constitute discrimination on the basis of sex in the provision of services or facilities in connection with housing in violation of 42 U.S.C. § 3604.

30. Defendants' discriminatory conduct was intentional, willful, and taken in disregard of the rights of others.

31. Defendants' acts in violation of the Fair Housing Act proximately caused Plaintiff damages. These damages include physical injury, pain and suffering, invasion of bodily integrity, and severe psychological and emotional distress.

WHEREFORE, Plaintiff Sondra Garcia requests compensatory and punitive damages against Defendants Jorge L. Condarco, Brenda Smith, and the City of Hobbs, together with all costs and attorneys fees, under 42 U.S.C. § 3613.

### COUNT IV-TORT CLAIMS AGAINST DEFENDANT CONDARCO

32. Plaintiff incorporates paragraphs 1 through 31 as though fully set forth herein.

33. Defendant Condarco intentionally assaulted, battered, falsely imprisoned, and inflicted emotional distress upon Plaintiff.

34. Defendant's wrongful acts proximately caused Plaintiff damages. These damages include physical injury, pain and suffering, invasion of bodily integrity, and severe psychological and emotional distress.

35. Defendant the City of Hobbs is vicariously liable for Defendant Condarco's conduct, which Defendant Condarco committed in the course and scope of his duties as a law enforcement officer whom Defendant the City of Hobbs employed.

WHEREFORE, Plaintiff Sondra Garcia asks for compensatory and punitive damages, and an award of attorneys fees and costs, against Defendant Jorge L. Condarco, and compensatory damages and an award of costs against Defendant the City of Hobbs.

## COUNT V-NEGLIGENCE CLAIMS AGAINST DEFENDANT SMITH

36. Plaintiff incorporates paragraphs 1 though 35 as though fully set forth herein.

37. Defendant Smith had a duty to exercise reasonable care for detainees' safety in the maintenance of the Hobbs City Jail.

38. Defendant Smith failed to exercise such care, by failing to institute and enforce physical, procedural, and regulatory safeguards to protect female inmates from sexual assault by Defendant Condarco, despite her knowledge as set forth above. Defendant Smith's actions were in complete derogation of any known standard for the proper administration of a correctional facility, and constituted negligent maintenance of a public facility, *i.e.*, the

      Hobbs City Jail, and negligence of a law enforcement officer leading to assault and battery.

39. Defendant Smith's acts and failures to act constituted negligence, gross negligence, or recklessness toward Plaintiff.

40. Defendant Smith's negligence, gross negligence, or recklessness proximately caused Plaintiff damages. These damages include physical injury, pain and suffering, invasion of bodily integrity, and severe psychological and emotional distress.

WHEREFORE, Plaintiff Sondra Garcia asks for compensatory damages against Defendant Smith, together with an award of costs.

## JURY TRIAL DEMAND

41. Plaintiff hereby demands a trial by jury on all counts so triable.

Respectfully submitted,

*[signature]*

PAUL J. KENNEDY
MARY Y. C. HAN
Attorneys for Plaintiff
1122 Central Ave, SW
Albuquerque, NM 87102
(505) 842-8662

BILL J. HELWIG
Attorney for Plaintiff
317 North Main
Post Office Drawer 1388
Denver City, Texas  79323
(806) 592-3536