

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUN 1 1 2000

SONDRA GARCIA,

    Plaintiff,

vs.                                    CIV. NO. 00-238 BB/LFG

JORGE L. CONDARCO and BRENDA SMITH
in their individual capacities, and THE CITY
OF HOBBS,

    Defendants.

## INITIAL PRETRIAL REPORT

Counsel have conferred and submit herewith the parties' consolidated Initial Pretrial Report.

## APPEARANCES

Counsel are:

MARY Y. C. HAN and PAUL J. KENNEDY, for Plaintiff.

JAMES W. KLIPSTINE, JR., for Defendant Condarco.

GREGORY L. BIEHLER, BEALL & BIEHLER, P.A., for Defendants City of Hobbs and Brenda Smith.

## NATURE OF THE CASE

In this civil action, Plaintiff alleges that Defendant Condarco violated her rights under the United States Constitution by forcing her to perform fellatio on him while she was a detainee and he was a guard at the Hobbs City Jail. Plaintiff also contends that Defendant Condarco assaulted, battered, falsely imprisoned, and intentionally inflicted emotional distress on her under state tort law. Plaintiff also claims that Defendants Smith and the City of Hobbs are vicariously liable in tort for Defendant Condarco's misconduct, and were



**"STANDARD" Track**

reckless, grossly negligent, and negligent under state tort law in their failure to properly maintain the Hobbs City Jail and to protect Plaintiff from grave and foreseeable harm by a law enforcement officer under their supervision. Defendants deny Plaintiff's allegations.

## AMENDMENTS TO PLEADINGS

*Plaintiff intends to file:* Plaintiff may amend her complaint to allege claims under 42 U.S.C. § 1983 against Defendants Smith and/or the City of Hobbs should discovery reveal that these Defendants were not merely negligent, but were deliberately indifferent in their administration of the Hobbs City Jail and/or their hiring, training, and supervision of Defendant Condarco.

*Defendant Condarco:* None at this time.

*Defendants Smith and the City of Hobbs:* None at this time.

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District.

The parties further stipulate and agree that the law governing this case is: the United States Constitution, 42 U.S.C. § 1983, the Fair Housing Act, state tort law, and the New Mexico Tort Claims Act.

## PLAINTIFF'S CONTENTIONS

Plaintiff Sondra Garcia is a female citizen and resident of the state of New Mexico. Defendant Jorge "Louie" Condarco was, at all relevant times herein, a corrections officer employed by the Hobbs City Jail, a governmental agency owned and operated by Defendant the City of Hobbs. Defendant Brenda Smith was, at all relevant times, the Chief Detention Officer of the Hobbs City Jail. The individual Defendants are sued in their individual

2

capacities. At all times material to this Complaint, the individual Defendants were acting under color of state law and within the scope of their employment as law enforcement officers. This Court has jurisdiction over all of the parties and the subject matter of this action.

In the early morning hours on or about June 6, 1998, Plaintiff was detained at the Hobbs City Jail, where she resided. Plaintiff was watching television in the part of the jail where female detainees were housed. Defendant Condarco was the only corrections officer on duty in the female part of the jail. Defendant Condarco approached Plaintiff. After talking to her for a while, he began to rub her back, shoulders, and hair, to kiss her, and to fondle her breasts. Defendant Condarco then took Plaintiff to the laundry room and forced her to perform oral sex on him. Defendant Condarco subsequently plead guilty to criminal sexual penetration of Plaintiff.

Before Defendant Condarco's sexual assault and battery of Plaintiff, Defendant Smith knew or should have known that female detainees at the Hobbs City Jail were subject to the substantial and serious risk of sexual assault by male corrections officers while detained there. Despite this knowledge, Defendant Smith took no corrective action, and failed to institute procedures designed to eliminate the risk of sexual assault and battery at the facility.

As a result of Defendants' unlawful actions, Plaintiff has suffered, and continues to suffer, physical injury, pain and suffering, invasion of her bodily integrity, and severe psychological and emotional distress. Against Defendant Condarco, Plaintiff asserts claims under 42 U.S.C. § 1983, the Violence Against Women Act, and the Fair Housing Act.

Plaintiff also asserts intentional tort claims against Defendant Condarco. Against Defendants the City of Hobbs *and Defendant Smith*,[1] Plaintiff asserts claims under the Fair Housing Act. Plaintiff also asserts that Defendant the City of Hobbs is vicariously liable for Defendant Condarco's intentional torts. Finally, Plaintiff asserts that Defendants Smith *and the City of Hobbs*[2] were negligent and grossly negligent in their maintenance of the Hobbs City Jail, a public facility, and that Defendants' negligence resulted in Defendant Condarco, a law enforcement officer, committing assault and battery against Plaintiff. As such, the New Mexico Tort Claims Act waives these Defendants' immunity from suit.

## DEFENDANT CONDARCO'S CONTENTIONS

The alleged acts claimed by Plaintiff did not occur. Mr. Condarco never forced or coerced Plaintiff to perform any sexual act. All other allegations of Plaintiff are denied.

## CONTENTIONS OF DEFENDANTS SMITH AND THE CITY OF HOBBS

Defendant City of Hobbs and Brenda Smith deny the allegations of the Plaintiff. The only claims of Plaintiff that involve the City of Hobbs are Count III and Count IV. Count III is a claim under the Fair Housing Act which is the only federal claim made against Hobbs. Without the FHA claim, no jurisdiction exists for the remaining state claim against the City of Hobbs. This claim fails to state a cause of action as the Fair Housing Act does not apply to jails and a jail can not be considered a dwelling under any interpretation of the act.

---

[1] Thus, Defendants are incorrect that there is no basis for federal jurisdiction over Defendant Smith.

[2] Thus, Defendants are incorrect that Plaintiff's only claims against Defendant the City of Hobbs are under the Fair Housing Act, and for vicarious liability.

These Defendants have not found any authority which supports a claim under the FHA. The remaining claim of the Plaintiff against the City of Hobbs is contained within Count IV (although this count is labeled as being only against Condarco). Count IV alleges a number of intentional acts for which Condarco is alleged to be liable under the provisions of the Tort Claims Act. Plaintiff further alleges that the City of Hobbs is vicariously liable. In response, Defendants assert that: 1) Plaintiff has failed to meet the notice requirements of the Tort Claims Act; 2) Condarco was not acting within the scope of his employment; 3) Hobbs is immune from Plaintiff's claims. The only count involving Ms. Smith is Count V that alleges negligence on her part under the Tort Claims Act. No federal jurisdiction is alleged or exists for this claim. Further, Ms. Smith asserts that she can not be personally liable for a claim for maintenance under the Tort Claims Act. The allegations of the Plaintiff only support a claim for negligence supervision, for which immunity is not waived.

Defendant Smith asserts that no jurisdiction exists over her since the only claim made against her is a negligence claim. The City of Hobbs submits that the only jurisdictional basis for any federal claim against it is under the Fair Housing Act.

## DISCOVERY

*Plaintiff intends to obtain the following discovery*: Depositions of Defendants Condarco and Smith and any other participants in and/or witnesses to the events forming the basis of this lawsuit; interrogatories, requests for production, and requests for admission to Defendants.

*Defendant Condarco intends to obtain the following discovery*:

*Defendants Smith and the City of Hobbs intend to obtain the following discovery:* Depositions of plaintiff and her witnesses; interrogatories, requests for production, requests for admission.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a "_standard_" track classification. Accordingly, the termination date for discovery is _Oct. 26, 2000_, and discovery shall not be reopened, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be <u>completed</u> on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating ["packages"] to discovery (including, but not limited to, motion to compel and motions for protective order) shall be filed ~~or served~~ in accordance with D.N.M.LR-Civ. 7 no later than _Dec. 6, 2000_. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

Plaintiff shall identify to all parties in writing any expert witness to be used by Plaintiff at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than _Aug. 25, 2000_. All other parties shall identify in writing any expert witness to be used by such parties at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than _Sept. 26, 2000_.

## PLAINTIFF'S WITNESSES, EXHIBITS, AND EXPERTS

1. *Witnesses:*

   a. Plaintiff Sondra Garcia
      c/o MARY Y. C. HAN
      1122 Central Ave., S.W.
      Albuquerque, New Mexico 87102
      (505) 842-8662

   Plaintiff will testify about the events forming the basis of her complaint, and about her damages.

   b. Defendant Jorge L. Condarco
      c/o JAMES W. KLIPSTINE, JR.
      1601 North Turner, Suite 320
      Hobbs, New Mexico 88240
      (505) 393-1300

   Defendant Condarco will testify about the events forming the basis of Plaintiff's complaint.

   c. Defendant Brenda Smith
      c/o GREGORY L. BIEHLER
      BEALL & BIEHLER, P.A.
      6715 Academy Road, N.E.
      Albuquerque, New Mexico 87109
      (505) 828-3600

   Defendant Smith may testify about events forming the basis of Plaintiff's complaint and about her administration of the Hobbs City Jail.

   d. Carrie Wilson
      800 Pinon
      Hobbs, New Mexico

   Ms. Wilson was detained at the Hobbs City Jail on the night Defendant Condarco raped Plaintiff, and may testify regarding what she witnessed.

   e. Shawn and Brenda Sosa
      c/o Mary Y. C. Han
      1122 Central Avenue, S.W.
      Albuquerque, New Mexico 87102

7

Plaintiff reported to the Sosas that Defendant Condarco was behaving inappropriately toward her.

    f.    Linda Benavidez
           2117 North Thomas
           Hobbs, New Mexico 88240

Ms. Benavidez is Plaintiff's stepmother and may testify regarding Defendant Smith's reaction when she called to express concern about Plaintiff being abused.

    g.    Olive Cohagen
           2405 North Jefferson St., Apt. 404
           Hobbs, New Mexico

Plaintiff reported to Ms. Cohagen that Defendant Condarco was behaving inappropriately toward her.

    h.    Frank Lee and Trey Etter
           Hobbs City Jail
           Hobbs, New Mexico 88240
           (505) 397-9247

These corrections officers were on duty at the Hobbs City Jail the night Defendant Condarco raped Plaintiff, and may testify regarding what, if anything, they witnessed.

    i.    Dr. Geeta Lele
           921 North Turner
           Hobbs, New Mexico 88240
           (505) 393-8562

Dr. Lele provided Plaintiff with medical treatment subsequent to the incidents forming the basis of Plaintiff's complaint.

    j.    Dr. Sambiah Kankanala
           Medical Arts Complex, Suite 4
           5419 North Lovington Highway
           Hobbs, New Mexico 88240
           (505) 392-7537

Dr. Kankanala provided Plaintiff with medical treatment subsequent to the incidents forming the basis of Plaintiff's complaint.

k. Dr. Maddox
Medical Arts Complex, Suite 6
5419 North Lovington Highway
Hobbs, New Mexico
(505) 392-6428

Dr. Maddox provided Plaintiff with psychiatric treatment subsequent to the incidents forming the basis of Plaintiff's complaint.

l. Guidance Center of Lea County
920 West Broadway
Hobbs, New Mexico 88240
(505) 393-3168

The Guidance Center of Lea County provided Plaintiff with psychological treatment subsequent to the incidents forming the basis of Plaintiff's complaint.

m. Lea Regional Hospital
Post Office Box 3000
Hobbs, New Mexico 88240
(505) 492-5000

The Lea Regional Hospital provided Plaintiff with treatment subsequent to the incidents forming the basis of Plaintiff's complaint.

n. Sergeants Bob Watts and Larry Lilly
Hobbs Police Department
Hobbs, New Mexico
(505) 397-9265

These persons may testify about admissions by Defendant Condarco.

o. Any other witnesses listed by Defendants or later identified by Plaintiff or Defendants through the discovery process.

2. *Exhibits:* Plaintiff may introduce any or all of the following exhibits at trial:

a. Plaintiff's medical and psychological records.

b. Plaintiff's medical and psychological treatment bills.

c. Police reports and interviews generated during investigation of Defendant Condarco for criminal sexual penetration.

      d.    Defendants' personnel and internal affairs files in the field of corrections.

      e.    Documents and transcripts from Defendant Condarco's criminal case, including but not limited to Defendant Condarco's guilty plea.

      f.    Policies and procedures, logs, and other documents regarding the administration of the Hobbs City Jail.

      g.    Any other exhibits listed by Defendants or later identified by Plaintiff or Defendants through the discovery process.

3. *Experts:*

Plaintiff has not yet identified any expert witnesses at this time.

### DEFENDANT CONDARCO'S WITNESSES, EXHIBITS, AND EXPERTS

1. *Witnesses*: Any and all witnesses identified by other parties.

2. *Exhibits*: Any and all exhibits identified by other parties.

3. *Experts*: None at this time.

### WITNESSES, EXHIBITS, AND EXPERTS
### OF DEFENDANTS SMITH AND THE CITY OF HOBBS

1. *Witnesses:*

      a.    Brenda Smith c/o defense counsel will testify regarding her contact with Plaintiff, the operations of the jail, her conduct and the policies of the jail.

      b.    Detectives Mary Mabry and Johnny Gonzales, c/o defense counsel, will testify regarding their investigation and statements made to them by Condarco, plaintiff and witnesses.

      c.    Plaintiff c/o plaintiff's counsel regarding her claims, past history and background.

      d.    Jorge Condarco, address unknown, will testify regarding his conduct and the allegations against him, as well as his criminal plea.

2. *Exhibits*:

   a. Police reports regarding the incident alleged by plaintiff, including statements of witnesses as well as tapes of the statements.

   b. Jail logs.

   c. Policies and procedures of jail.

   d. Application and background investigation of Condarco, including psychological exam.

3. *Experts*: None at this time.

### OTHER PRE-TRIAL MOTIONS

*Plaintiff intends to file*: Motions in limine, motions for summary judgment as necessary or appropriate.

*Defendant Condarco intends to file*: Motion for Summary Judgment.

*Defendants Smith and the City of Hobbs intend to file*: Motion to dismiss Fair Housing Act claim; motions for summary judgment.

Motion "packages" containing the original and one copy of <u>all</u> papers related to a motion (i.e., the motion, response, and reply with any accompanying memoranda or exhibits) as required by D.N.M.LR-Civ. 7.3(5) must be filed with the Court no later than _Dec. 27, 2000_. Any pretrial motion <u>packages</u> filed after the above date shall be considered untimely in the discretion of the Court.

### PRETRIAL ORDER

Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiff to Defendants on or before _Jan. 29, 2001_; Defendants to Court on or before _Feb. 12, 2001_.

11

In jury cases, proposed jury instructions shall be filed no later than <u>March 19, 2001</u>. In non-jury actions, requested findings of fact and conclusions of law shall be filed no later than _____. Refer to "<u>Other Matters</u>".

## PRETRIAL CONFERENCE AND TRIAL SETTING

This matter is set for a PRETRIAL CONFERENCE on <u>March 19, 2001</u> at <u>8:30</u>, <u>P</u>.m.

This matter is set for a NON-JURY TRIAL on a trailing calendar beginning on _____, at _____ .m.

This matter is set for a JURY TRIAL on a trailing calendar beginning on <u>April 2, 2001</u>, at <u>9:00 A</u>m.

## ESTIMATED TRIAL TIME

The parties estimate trial will require __3-4__ days.

____ This is a non-jury case.

__x__ This is a jury case.

## SETTLEMENT

The possibility of settlement in this case is considered: <u>fair</u>. The parties request a settlement conference <u>in September 2000</u>.

## OTHER MATTERS

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty

(30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court shall be highlighted in yellow on all copies which are filed or delivered to the Court or served on other counsel.

<u>EXCEPTIONS</u>

APPROVED WITH/WITHOUT EXCEPTIONS

_____
MARY Y. C. HAN
PAUL J. KENNEDY
Attorneys for Plaintiff
1122 Central Avenue, Southwest
Albuquerque, New Mexico 87102
(505) 842-8662


<u>Telephonic approval May 22, 2000</u>
JAMES W. KLIPSTINE, JR.
Attorney for Defendant Condarco
1601 North Turner, Suite 320
Hobbs, New Mexico 88240
(505) 393-1300


APPROVED:

_____
United States Magistrate Judge

<u>Telephonic approval May 22, 2000</u>
GREGORY L. BIEHLER
BEALL & BIEHLER, P.A.
Attorney for Defendants Smith and City of Hobbs
6715 Academy Road, N.E.
Albuquerque, New Mexico 87109
(505) 828-3600

APPROVED AND ADOPTED
AS THE ORDER OF THE COURT:

_____
United States District Judge