IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

SONDRA GARCIA,

        Plaintiff,

v.                                                                     No. CIV 00-238 BB/LFG

JORGE L. CONDARCO and BRENDA SMITH, in their individual capacities, and the CITY OF HOBBS,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## ON MOTIONS TO AMEND AND FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion to Amend Complaint [doc 97], the First Motion for Summary Judgment filed by the City of Hobbs [doc 86], and Defendants' Motion for Summary Judgment [doc 89]. After full consideration of the briefs and other submissions of counsel, all three motions will be Denied.

## *Discussion*

### *Background*

On February 16, 2000, Plaintiff filed a complaint against a Hobbs City jailer, Jorge Condarco, his supervisor, Brenda Smith, and the City of Hobbs. Plaintiff alleged that Condarco was the only corrections officer on duty in the early morning hours of June 6, 1998, when Condarco began to rub Plaintiff's back and to kiss and to fondle her. Plaintiff maintains Condarco then took Plaintiff to the laundry room and forced her to perform oral sex on him. Condarco subsequently pled guilty to criminal sexual penetration of Plaintiff and has now apparently settled Plaintiff's claim against him.

Following Defendants' motion to dismiss, the Fair Housing Act, 42 U.S.C. § 3604, count was dismissed on September 26, 2000. *See Garcia v. Condarco*, 114 F. Supp. 2d 1158 (D.N.M. 2000). Plaintiff's remaining claims are for violation of her civil rights under 42 U.S.C. § 1983, and for assault, battery, false imprisonment, intentional infliction of emotional distress, and recklessness, gross negligence, and negligence under state tort law.

I.  *Plaintiff's Motion to Amend*

Plaintiff now seeks to amend her complaint by adding additional claims under 42 U.S.C. § 1983 against Defendants Smith and the City of Hobbs, and new state law claims against the City of Hobbs and its insurer, National Casualty Company, for bad faith failure to defend and indemnify Condarco, and for violations of the New Mexico Unfair Insurance Practices Act, NMSA 1978 § 59A-16-1 *et seq.* (2000 Repl. Pamp.), and the New Mexico Unfair Practices Act, NMSA 1978 § 57-1-1 *et seq* (2000 Repl. Pamp.).

Plaintiff moved to amend after (1) the case had been pending more than nine months, (2) discovery was essentially complete and closed,[1] and (3) trial was scheduled. Delay in filing a motion to amend is a significant factor the court must consider. *Frank v. U. S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). While Plaintiff argues Defendants were dilatory in document production, she points to no facts critical to the amendment decision which Defendants withheld.[2]

---

[1] Although the discovery deadline passed, the Court permitted Defendant Smith to be re-deposed and other discovery completed after the deadline.

[2] Plaintiff argues Defendant did not produce the documents in the policy and procedures manual and prior incident reports, but does not claim she lacked the information contained in the documents.

Defendants are likely to be prejudiced in a number of ways by the granting of Plaintiff's motion.  First, discovery has closed and Defendants could not conduct discovery on the factual bases of the claims made by Plaintiff.  Defendants would probably need to re-depose Plaintiff and discover what witnesses, if any, support the new claims of Plaintiff that the City of Hobbs and Smith failed to provide training and supervision and how they established a custom, practice, and policy in this area.  This discovery is unlikely to be completed (even if the court re-opened discovery for these Defendants) by the date set for trial in April 2001.

Moreover, Plaintiff desires to add an additional party, National Casualty Company.  The Court notes the claim against this Defendant does not relate to the original claims of the Plaintiff.  Rather, the addition of insurance coverage and indemnity claims against the City of Hobbs and its insurance company apparently grow out of Plaintiff's recent settlement with Condarco.  If National Casualty were added, it would have to be served, given time to answer, conduct discovery, and engage in motion practice before it could be forced to trial.  When discovery has previously been extended, but amendment would add new parties and claims necessitating further discovery and vacation of the scheduled trial, leave to amend is properly denied.  *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d

1182 (10th Cir. 1990); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218 (8th Cir. 1994). All of this would radically change the structure of the case and prejudice the existing Defendants. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998); *Horn v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996). Plaintiff's motion to amend will therefore be Denied.

## II.   *City of Hobbs' First Motion for Summary Judgment*

The City of Hobbs moves for a summary judgment on Plaintiff's Tort Claims Act Count on the ground Plaintiff failed to provide notice of the tort within ninety days of the incident. The language of NMSA 1978 § 41-4-16B (1996 Repl. Pamp.) makes it a prerequisite for suit to be brought against the State pursuant to the Tort Claims Act, that a written notice stating the time, place, and circumstances of the loss be given "unless the governmental entity had actual notice." Plaintiff argues the written notice was not required as the City had actual notice through Smith, who had knowledge of the sexual assault on Plaintiff within a few days of the incident. Moreover, two detectives from the Hobbs City Police immediately commenced an investigation of the incident, and the Administrator of the City Jail had full knowledge of the investigation including Plaintiff's polygraph.

**The City's immediate and full scale investigation raises at least an issue of material fact as to whether the City had actual notice sufficient to comply with the mandate of § 41-4-16.** *Lopez v. State*, 930 P.2d 146 (NM. 1996); *Callaway v. New Mexico Dep't of Corrections*, 875 P.2d 393 (N.M. App. 1994). **Summary judgment is therefore not appropriate.** *Ando v. Great Western Sugar Co.*, 475 F.2d 531 (10th Cir. 1973); *Koch v. Shell Oil Co.*, 927 F. Supp. 411 (D. Kan. 1996).

**III.   <u>Motion for Summary Judgment by Defendants</u>**

**A.   *Scope of Duty***

**Defendants, City of Hobbs and Brenda Smith, also seek summary judgment on the ground no recovery is authorized under the Tort Claims Act as the "sexual assault was committed by Condarco while acting outside the scope of his duty." § 41-4-4D.  Defendants argue that, "Forcing inmates to have sex is not the kind of act a detention officer is employed to perform.  In addition, there is no evidence that Mr. Condarco was motivated by a purpose to serve his employer while forcing an inmate to have sex."  Memo. Mot. S.J. at 8.  While both these statements have the appeal of superficial logic, it is clear they do not square with the judicial test for application of the New Mexico Tort Claims Act.**

The New Mexico Court of Appeals recently applied the scope of duty test to analogous facts in *Risk Management Division v. McBrayer*, 14 P.3d 43 (N.M. App. 2000). In that case, the plaintiff, a student at New Mexico State University, approached her instructor, Eduardo Araiza, requesting make-up materials for classes she had missed. Araiza said the materials were at his apartment and the student accompanied him to get them. Once there, he brutally attacked, sexually assaulted, tortured, and tried to kill her. The State, through the Risk Management Division, sought a declaration of nonliability on the ground Araiza was not acting within the scope of his duties as a university instructor when he criminally assaulted his student. The New Mexico Court of Appeals rejected this standard saying:

> By examining only the aberrant behavior of Araiza, RMD overlooks how this sexual assault came about – through Araiza's *duty* as a university instructor to distribute homework assignments. Because it appears that Araiza used this authorized duty as a subterfuge to accomplish his assault, we find that a reasonable fact finder could determine that his actions were within the scope of the duties that NMSU requested, required or authorized him to perform. After all, the TCA defines scope of duties as "performing and *duties* [, not acts,] that a public employee is requested, required or authorized to perform." Section 41-4-3(G) (emphasis added). It is the duty, not the tortious or criminal act,

>that triggers the state's obligations under Sections 41-4-4(B) and 41-4-4(D).

14 P.3d at 49. *See also Narney v. Daniels*, 846 P.2d 347, 354 (N.M. App. 1992).

There is, then, a question of material fact as to whether Condarco "used this authorized duty as a subterfuge to accomplish his assault." Summary judgment must therefore be Denied.

**B.   Supervisory Control**

The City of Hobbs also argues it is not responsible for the acts of Smith and Condarco since they were not under the direct supervisory control of the City. Once again, the City sets the standard too high. New Mexico courts have often recognized a basic level of supervisory control over employees is all that is necessary to support vicarious liability. "A servant is a person employed to perform services in the affairs of another and who with respect to the physical control in the performance of the services is subject to the other's control or right to control." *California First Bank v. State*, 801 P.2d 646, 651 (N.M. 1990) (quoting RESTATEMENT (SECOND) OF AGENCY § 220(a). In *California First Bank*, the New Mexico Supreme Court found that sheriff deputies were subject to county control and the county could thus be liable for their failure to enforce state liquor laws.

8

  Here, it is not disputed that City Jail employees are employees of the City of Hobbs and the City of Hobbs Personnel Officer maintains their personnel records. Jail personnel are also governed by the City personnel manual. Thus, Plaintiff has again, at the least, raised a sufficient fact question with regard to the supervision issue to withstand summary judgment. *See Conant v. Rodriguez*, 828 P.2d 425 (N.M. App. (1992)


## O R D E R

  For the above stated reasons, Plaintiff's motion to amend is DENIED.

  Further, for the reasons stated above, Defendants' motion for summary judgment and the City's first motion for summary judgment are both DENIED.


  Dated at Albuquerque this 5th day of February, 2001.


                  _____
                   **BRUCE D. BLACK**
                   **United States District Judge**

**Counsel for Plaintiff:**

    **Mary Y.C. Han, Paul J. Kennedy, Albuquerque, NM**

**Counsel for Defendant:**

    **Gregory L. Biehler, Albuquerque, NM**